STATE OF WISCONSIN : CIRCUIT COURT : WAUKESHA COUNTY
CIVIL DIVISION

PAUL R. DILGER
928 Praireview Circle
Oconomowoc, WI 53066

DERRICK J. HAMMETTER
4902 Lakefield Road
Cedarburg, WI 53012,

ANTOINETTE M. VINKAVICH
W335 N8383 Stone Bank Road
Oconomowoc, WI 53066

PATRICIA A. SKRZYPCHAK
15601 7TH Street
Union Grove, WI 53182

DON TIEGS
5500 Balboa Drive South
New Berlin, WI 53151,

Individually and on behalf of all other
similarly situated persons or entities,

    Plaintiffs,
 v.

IOD INCORPORATED,
c/o G&K Wisconsin Services, LLC, Registered Agent
200 South Washington Street, Suite 100,
Green Bay, WI 54301,

ABC INSURANCE CO., the fictitious name
for an unknown insurance company,

VERISMA SYSTEMS, INC.
c/o The Corporation Trust Company, Registered Agent
1209 Orange Street
Wilmington, DE 19801,

Case No. 2017CV000768

**AMENDED COMPLAINT**

Intentional Tort: 30106
Unclassified: 30703

DEF INSURANCE CO., the fictitious name
for an unknown insurance company,

CIOX HEALTH, LLC,
c/o Corporation Service Company, Registered Agent
8040 Excelsior Drive, Suite 400
Madison, WI 53717,

GHI INSURANCE CO., the fictitious name
for an unknown insurance company,

           Defendants.

NOW COME the above named plaintiffs, by their attorneys, CANNON & DUNPHY, S.C., and as and for their claims for relief, allege and show to the Court as follows:

## THE PARTIES

1. That at the present time, the plaintiff, Paul R. Dilger, is an adult citizen and resident of the State of Wisconsin, who resides at 928 Prairieview Circle, Oconomowoc, WI 53066.

2. That at the present time, the plaintiff, Derrick J. Hammetter, is an adult citizen and resident of the State of Wisconsin, who resides at 4902 Lakefield Road, Cedarburg, WI 53012.

3. That at the present time, the plaintiff, Antoinette M. Vinkavich, is an adult citizen and resident of the State of Wisconsin, who resides at W335 N8383 Stone Bank Road, Oconomowoc WI 53066.

4. That at the present time, the plaintiff, Patricia A. Skrzypchak, is an adult citizen and resident of the State of Wisconsin, who resides at 15601 7th Street, Union Grove, WI 53182.

5. That at the present time, the plaintiff, Don Tiegs, is an adult citizen and resident of the State of Wisconsin, who resides at 5500 Balboa Drive South, New Berlin, WI 53151.

6. That at all times material hereto, the defendant IOD Incorporated was a Wisconsin corporation with offices of its Registered Agent, G&K Wisconsin Services, LLC, located at 200 South Washington Street, Suite 100, Green Bay, WI 54301. IOD Incorporated was a for-profit provider of health care provider records that managed and produced medical records for health care providers in Wisconsin. IOD Incorporated did business within Waukesha County, Wisconsin, and throughout the state. That on information and belief, IOD Incorporated merged with the defendant CIOX Health LLC.

7. That at the present time, the defendant, ABC Insurance Co. (hereinafter "ABC"), is the fictitious name for an unknown insurance company, that is engaged in the business of writing and selling liability insurance; that on information and belief, at all times material hereto, ABC had in full force and effect a policy or policies of liability insurance issued to IOD Incorporated insuring said defendant for claims such as those hereafter set forth; that in said contract of insurance, ABC reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and has a direct interest in this litigation; that pursuant to Wis. Stat. § 807.12, ABC is being inserted in place of the real and proper insurance company defendant, which as soon as its identity is ascertained will be substituted in place of ABC.

8. That the defendant Verisma Systems, Inc. is a Delaware corporation with offices of its Registered Agent, The Corporation Trust Company, located at 1209 Orange Street, Wilmington, DE 19801. Verisma Systems, Inc. is a for-profit provider of health care

provider records that manages and produces medical records for health care providers in Wisconsin. Verisma Systems, Inc. does business within Waukesha County, Wisconsin, and throughout the state.

9. That at the present time, the defendant, DEF Insurance Co. (hereinafter "DEF"), is the fictitious name for an unknown insurance company, that is engaged in the business of writing and selling liability insurance; that on information and belief, at all times material hereto, DEF had in full force and effect a policy or policies of liability insurance issued to Verisma Systems, Inc. insuring said defendant for claims such as those hereafter set forth; that in said contract of insurance, DEF reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and has a direct interest in this litigation; that pursuant to Wis. Stat. § 807.12, DEF is being inserted in place of the real and proper insurance company defendant, which as soon as its identity is ascertained will be substituted in place of DEF.

10. That the defendant CIOX Health LLC is a foreign limited liability corporation with its principal place of business located at 1030 Ontario Road, Green Bay, WI 54311, and offices of its registered agent, Corporation Service Company, located at 8040 Excelsior Drive, Ste. 400, Madison, WI 53717. That CIOX Health LLC was created by the merger of IOD Incorporated, among others. CIOX Health LLC is a for-profit provider of health care provider records that managed and produced medical records for health care providers in Wisconsin. CIOX Health LLC does business within Waukesha County, Wisconsin, and throughout the state.

11. That at the present time, the defendant, GHI Insurance Co. (hereinafter "GHI"), is the fictitious name for an unknown insurance company, that is engaged in the business of writing and selling liability insurance; that on information and belief, at all times material hereto, GHI had in full force and effect a policy or policies of liability insurance issued to CIOX Health LLC insuring said defendant for claims such as those hereafter set forth; that in said contract of insurance, GHI reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and has a direct interest in this litigation; that pursuant to Wis. Stat. § 807.12, GHI is being inserted in place of the real and proper insurance company defendant, which as soon as its identity is ascertained will be substituted in place of GHI.

## GENERAL ALLEGATIONS

12. Access to patient health care records is governed by Wis. Stat. § 146.83. Under subsection 3(f), a health care provider shall, subject to exceptions, provide copies of a patient's health care records "if a person requests copies of a patient's health care records, provides informed consent, and pays the applicable fees under par. (b)." Wis. Stat. § 146.83(3f)(a).

13. Beginning on July 1, 2011, by operation of 2011 Wisconsin Act 32, the legislature created Wis. Stat. § 146.83(3f)(b)4. and 5., which provides that the defendants *are not* allowed to charge an $8 certification charge for health care provider records or a $20 retrieval fee for said records "if the requestor is [ ] the patient or a person authorized by the patient." According to these subdivisions, the patient and a person authorized by the patient are *exempt* from the certification charge and retrieval fee. A "person authorized by the patient" includes *any* person authorized in writing by the patient, which includes attorneys.

14. On the 11th day of December, 2009, at approximately 12:11 a.m., on westbound North Avenue, near its intersection with Brookfield Road, in the City of Brookfield, Waukesha County, State of Wisconsin, the plaintiff, Paul R. Dilger, an on-duty police officer with the City of Brookfield, was seriously injured by the negligence of a careless driver.

15. The plaintiff, Paul R. Dilger, retained the law firm of Cannon & Dunphy, S.C., to seek compensation for his injuries. The terms of the retention provided for a contingency fee plus reimbursement for costs. Mr. Dilger authorized Cannon & Dunphy to obtain his health care provider records. Cannon & Dunphy requested Mr. Dilger's health care provider records using HIPAA compliant medical release forms.

16. The defendant IOD Incorporated entered into agreements with Mr. Dilger's health care providers—including hospitals, health systems, physician practices and clinics, and other health care providers—to process and fulfill medical record requests like the ones submitted by Cannon & Dunphy. When fulfilling the requests of Cannon & Dunphy, the defendant IOD Incorporated imposed certification charges and retrieval fees, contrary to Wis. Stat. § 146.83(3f)(b)4.-5. Cannon & Dunphy paid the certification charges and retrieval fees and passed these costs to Mr. Dilger by deducting the costs from the settlement proceeds resulting from his personal injury claim.

17. On the 9th day of October, 2011, on County Trunk Highway I, at or near its intersection with Gray Log Court, in the Town of Cedarburg, Ozaukee County, State of Wisconsin, the plaintiff, Derrick J. Hammetter, was seriously injured by the negligence of a careless driver.

18. The plaintiff, Derrick J. Hammetter, retained the law firm of Cannon & Dunphy, S.C., to seek compensation for his injuries. The terms of the retention provided for a contingency fee plus reimbursement for costs. Mr. Hammetter authorized Cannon & Dunphy to obtain his health care provider records. Cannon & Dunphy requested Mr. Hammetter's health care provider records using HIPAA compliant medical release forms.

19. The defendants IOD Incorporated and Verisma Systems Inc. entered into agreements with Mr. Hammetter's health care providers—including hospitals, health systems, physician practices and clinics, and other health care providers—to process and fulfill medical record requests like the ones submitted by Cannon & Dunphy. When fulfilling the requests of Cannon & Dunphy, the defendants IOD Incorporated and Verisma Systems, Inc. imposed certification charges and retrieval fees, contrary to Wis. Stat. § 146.83(3f)(b)4.-5. Cannon & Dunphy paid the certification charges and retrieval fees and passed these costs to Mr. Hammetter by deducting the costs from the settlement proceeds resulting from his personal injury claim.

20. On the 22nd of May 2014, on eastbound Silver Spring Drive in the Town of Merton, Waukesha County, the plaintiff, Antoinette M. Vinkavich, was seriously injured by the negligence of a careless driver.

21. The plaintiff, Antoinette M. Vinkavich, retained the law firm of Cannon & Dunphy, S.C., to seek compensation for her injuries. The terms of the retention provided for a contingency fee plus reimbursement for costs. Ms. Vinkavich authorized Cannon & Dunphy to obtain her health care provider records. Cannon & Dunphy requested Ms. Vinkavich's health care provider records using HIPAA compliant medical release forms.

22. The defendants IOD Incorporated and Verisma Systems Inc. entered into agreements with Ms. Vinkavich's health care providers—including hospitals, health systems, physician practices and clinics, and other health care providers—to process and fulfill medical record requests like the ones submitted by Cannon & Dunphy. When fulfilling the requests of Cannon & Dunphy, the defendants IOD Incorporated and Verisma Systems, Inc. imposed certification charges and retrieval fees contrary to Wis. Stat. § 146.83(3f)(b)4.-5. Cannon & Dunphy paid the certification charges and retrieval fees and passed these costs to Ms. Vinkavich by deducting the costs from the settlement proceeds resulting from her personal injury claim.

23. On the 20th day of October, 2014, at approximately 3:47 p.m., near the intersection of Durand Avenue and 87th Street, in the Village of Sturtevant, Racine County, State of Wisconsin, the plaintiff, Patricia A. Skrzypchak, was seriously injured by the negligence of a careless driver.

24. The plaintiff, Patricia A. Skrzypchak, retained the law firm of Cannon & Dunphy, S.C., to seek compensation for her injuries. The terms of the retention provided for a contingency fee plus reimbursement for costs. Ms. Skrzypchak authorized Cannon & Dunphy to obtain her health care provider records. Cannon & Dunphy requested Ms. Skrzypchak's health care provider records using HIPAA compliant medical release forms.

25. The defendants IOD Incorporated and CIOX Health LLC entered into agreements with Ms. Skrzypchak's health care providers—including hospitals, health systems, physician practices and clinics, and other health care providers—to process and fulfill medical record requests like the ones submitted by Cannon & Dunphy. When fulfilling the requests

of Cannon & Dunphy, the defendants IOD Incorporated and CIOX Health LLC imposed certification charges and retrieval/basic fees (which on information and belief are the functional equivalents), contrary to Wis. Stat. § 146.83(3f)(b)4.-5. Cannon & Dunphy paid the certification charges and retrieval/basic fees and passed these costs to Ms. Skrzypchak by deducting the costs from the settlement proceeds resulting from her personal injury claim.

26. On the 16th day of January, 2016, on West Greenfield Avenue, near its intersection with 68th St., in the City of West Allis, Milwaukee County, State of Wisconsin, the plaintiff, Don Tiegs, was seriously injured by the negligence of a careless driver.

27. The plaintiff, Don Tiegs, retained the law firm of Cannon & Dunphy, S.C., to seek compensation for his injuries. The terms of the retention provided for a contingency fee plus reimbursement for costs. Mr. Tiegs authorized Cannon & Dunphy to obtain his health care provider records. Cannon & Dunphy requested Mr. Tiegs' health care provider records using HIPAA compliant medical release forms.

28. The defendant CIOX Health LLC entered into agreements with Mr. Tiegs' health care providers—including hospitals, health systems, physician practices and clinics, and other health care providers—to process and fulfill medical record requests like the ones submitted by Cannon & Dunphy. When fulfilling the requests of Cannon & Dunphy, the defendant CIOX Health LLC imposed certification charges and retrieval/basic fees (which on information and belief are the functional equivalents), contrary to Wis. Stat. § 146.83(3f)(b)4.-5. Cannon & Dunphy paid the certification charges and retrieval/basic fees and passed these costs to Mr. Tiegs by deducting the costs from the settlement proceeds resulting from his personal injury claim.

## CLASS ALLEGATIONS

29. The plaintiffs, Paul R. Dilger, Derrick J. Hammetter, Antoinette M. Vinkavich, Patricia A. Skrzypchak, and Don Tiegs bring this action on their own behalf and on behalf of the members of a proposed class of individuals and entities that are similarly situated. The class that the plaintiffs represents is composed of any person who on or after July 1, 2011, gave authorization to another, and all others who received authorization from the person on or after July 1, 2011, via a HIPAA release form to request and obtain the person's health care provider records from a health care provider in the State of Wisconsin and who were illegally charged by the defendants for certification charges and retrieval fees, contrary to Wis. Stat. § 146.83(3f)(b)4.-5.

30. The proposed class is so numerous that joinder of all members is impracticable, and as importantly the disposition of their claim as a class will benefit the parties and the Court. While the precise number of such persons and entities is unknown, the defendants are in possession of the information needed to identify these persons and entities. The plaintiffs are informed and believe, and on that basis allege, that the proposed class numbers is comprised of several thousand persons and entities, who likely possess multiple separate claims.

31. The claims of the plaintiffs are typical of those claims that could be alleged by any members of the proposed class, and the relief is typical of the relief that would be sought by each member of the class in separate actions. The alleged claims arise out of the same business practices of the defendants, including receiving, responding to, and charging for requests for health care provider records. The plaintiffs and other members of the proposed

class sustained similar losses, injuries, and damages arising from the unlawful business practices of the defendant, including the unlawful imposition of certification charges and retrieval fees.

32. The plaintiffs are able to fairly and adequately protect the interests of the proposed class and have no interests antagonistic to the proposed class. They have retained counsel that is experienced in class action litigation and litigation in this court. Neither the plaintiffs nor their counsel have any interests that might impede them from vigorously pursuing this action, or any conflict with the proposed class.

33. There are questions of fact and law common to the proposed class that predominate over individual questions. The claims of the plaintiffs arise from the same events and from the same course of conduct by the defendants that gave rise to the claims of the proposed class.

34. Common questions of fact include whether a requestor of patient health care records was authorized by the class member to obtain the class member's patient health care records and whether the defendants imposed unlawful charges on such requests for certification charges or retrieval fees, contrary to Wis. Stat. § 146.83(3f)(b)4.-5.

35. Common questions of law, most significantly whether it is lawful to charge certification charges or retrieval fees on requests for health care provider records by one who has authorization from the person via a HIPAA release form, was resolved by the supreme court's decision in <u>Moya v. Aurora Healthcare, Inc.</u>, 2017 WI 45, __ Wis. 2d __, __ N.W.2d __. There, the Wisconsin Supreme Court "h[e]ld that an attorney authorized by his or her client in writing via a HIPAA release form to obtain the client's health care records is a 'person

authorized by the patient' under Wis. Stat. § 146.83(3f)(b)4.-5. and is therefore exempt from certification charges and retrieval fees under these subdivisions." Id., ¶2. The supreme court also recognized that the phrase "person authorized by the patient" under Wis. Stat. § 146.83(3f)(b)4.-5. includes "*any person* authorized in writing by the patient," meaning that *anyone who receives authorization from the person via a HIPAA release form to obtain the person's health care provider records is similarly exempt from certification charges and retrieval fees under these subsections*. See id., ¶¶20-21 ("Moya argues that 'any person authorized in writing by the patient' in Wis. Stat. § 146.81(5) is 'defined broadly by the legislature' and that the plain meaning of the statutory language requires nothing more than a person and a written authorization from the patient. … After examining the language of the statute and applying the well-established rules of statutory interpretation, we agree with Moya."). Thus, if any requestor of patient health care records is authorized by the patient to obtain the patient's health care provider records, it is unlawful as a matter of law for the defendants to impose a certification charge or retrieval fee on that request.

36. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy. The proposed class is so numerous that joinder of all proposed class members is impossible. Further, the value of an individual claim could be relatively small such that individual class members lack the financial incentive to vigorously prosecute individual claims. Disposition of the claims in the aggregate as a class action will provide substantial benefits both to the parties and to the courts.

12

## COUNT I – DECLARATORY JUDGMENT/VIOLATION OF WIS. STAT. § 146.83

37. The plaintiffs incorporate the above allegations to the extent not inconsistent with those made here.

38. The plaintiffs authorized another to request their health care provider records via HIPAA release forms.

39. In response to said requests, the defendants intentionally, knowingly, willfully, negligently, and/or otherwise unlawfully imposed fees not allowed by Wis. Stat. § 146.83, including certification charges, retrieval fees, basic fees, and/or other fees not allowed.

40. As a result of the defendants' knowing and willful violation of Wis. Stat. § 146.83, the defendants are liable for actual damages including actual damages and exemplary damages of not more than $25,000, and costs and reasonable actual attorney fees, pursuant to Wis. Stat. § 146.84(1)(b).

41. As a result of the defendants' negligent violation of Wis. Stat. § 146.83, the defendants are liable for actual damages, exemplary damages of not more than $1,000, and costs and reasonable actual attorney fees, pursuant to Wis. Stat. § 146.84(1)(bm).

42. The plaintiffs further seek a declaration that the defendants knowingly and willfully violated Wis. Stat. § 146.83 and/or negligently violated § 146.83, resulting in all payments made pursuant to said charges be ordered null and void, with all monies being ordered returned to the plaintiffs, with legal interest.

## COUNT II – MONEY HAD AND RECEIVED/UNJUST ENRICHMENT

43. The plaintiffs incorporate the above allegations to the extent not inconsistent with those made here.

44. The defendants obtained and/or accepted benefits from the plaintiffs in the form of monies received for unlawful charges, including certification charges and retrieval fees.

45. The defendants knew or appreciated the benefit that they received from the plaintiffs in the form of monies received for unlawful charges, including for certification charges and retrieval fees.

46. The defendants' retention of said benefit is inequitable and unjust and the defendants in good conscience should not keep said benefit.

47. The defendants have the duty, implied in law, to make repayment to the plaintiffs of all said monies and for restitution, including disgorgement of all monies paid by the plaintiffs for unlawful charges, all profits made on said unlawful charges, and legal interest.

### COUNT III – CONVERSION

48. The plaintiffs incorporate the above allegations to the extent not inconsistent with those made here.

49. The defendants intentionally took money belonging to the plaintiffs.

50. By imposing unlawful charges for certification charges and retrieval fees as a condition for releasing the plaintiffs' health care provider records, the defendants took said money by compulsion and without the consent of the plaintiffs and/or without lawful authority.

51. The defendants' actions seriously interfered with the plaintiffs' right to possess the property.

52. The defendants' actions were a substantial factor in producing the plaintiffs' damages, including loss of money and the lost time value of money, all in an amount to be determined in a trial of this matter.

## FOURTH CLAIM FOR RELIEF – PUNITIVE DAMAGES

53. The plaintiffs incorporates the above allegations to the extent not inconsistent with those made here.

54. The defendants acted in an intentional disregard of the rights of the plaintiffs herein, subjecting the defendants to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. For an order directing disgorgement and/or restitution of all improperly collected charges, all profits made thereon, and interest;

B. For compensatory damages in an amount to be proven at the time of trial;

C. For actual damages in an amount to be proven at the time of trial;

D. For reasonable attorney fees, as may be allowed by the Court;

E. For reasonable actual attorney fees, as may be allowed by the Court;

F. For exemplary damages in an amount to be proven at the time of trial;

G. For punitive damages in an amount to be proven at the time of trial;

H. For all interest due and owing, including pre-judgment interest, and as otherwise provided by law;

I. For a declaratory judgment that the defendants violated Wis. Stat. § 146.83(3f)(b)4. and 5.;

J. For such other and further relief as the Court may deem necessary, proper and just under all of the circumstances.

**PLEASE TAKE NOTICE THAT THE PLAINTIFFS DEMAND A TRIAL IN THE ABOVE-ENTITLED ACTION.**

Dated at Brookfield, Wisconsin this 17th day of November, 2017.

                                      **CANNON & DUNPHY, S.C.**
                                      Attorneys for Plaintiffs

                              By:    <u>Electronically signed by Attorney Brett A. Eckstein</u>
                                         Brett A. Eckstein
                                         State Bar No. 1036964
                                         Edward E. Robinson
                                         State Bar No. 01025122
                                         Allan M. Foeckler
                                         State Bar No. 1031396

**P.O. ADDRESS:**
595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750
Telephone: (262) 796-3702
Facsimile: (262) 796-3712