UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY RAVE,

        Plaintiff,

v.                                                                              Case No. 18-cv-305-pp

CIOX HEALTH, LLC and
COLUMBIA ST. MARY'S HOSPITAL MILWAUKEE, INC.,

        Defendants.

**ORDER APPROVING STIPULATION (DKT. NO. 52) AND ISSUING PROTECTIVE ORDER**

On June 28, 2018, the parties filed a "stipulation for protective order" with the court. Dkt. No. 52. The court **CONSTRUES** the parties' June 28, 2018 "stipulation" as a joint motion for entry of a protective order.[1] After reviewing the parties' motion, the court finds that the exchange of sensitive information between or among the parties and/or third parties other than in accordance with this order may cause unnecessary damage and injury to the parties or others. The court finds that the terms of this order are fair and that the parties have shown good cause for the entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony. The court **APPROVES** the proposed protective order, dkt. no. 52. Under Federal Rule of

---

[1] See §II(F), Tips for Parties Practicing Before Judge Pepper, available at www.wied.uscourts.gov/judges/pamela-pepper.

1

Civil Procedure 26(c) and Civil Local Rule 26(e) (E.D. Wis.), the court **ORDERS** that:

I.  **GENERAL CONFIDENTIALITY PROVISIONS**

   **Definitions**

   1.  The following definitions shall apply to this Protective Order:

   (a)  The term "Confidential Information" means information that the designating party reasonably believes will disclose confidential and nonpublic technical, commercial, financial, personal or business information that would provide others with an unfair competitive or improper advantage. Confidential Information also means an individual's private or personal information which, if disclosed, would violate the privacy rights of that individual. Confidential Information may include documents or things produced in this action (during formal discovery or otherwise), information produced by non-parties, responses to discovery requests, and information or items disclosed during depositions, hearings or at trial. Information originally designated as "Confidential Information" shall not retain that status after any ruling by the Court denying such status to it.

   (b)  The term "designating party" means the party producing or designating information as Confidential Information under this Protective Order.

   (c)  The term "receiving party" shall mean the party to whom Confidential Information is produced.

   (d)  The term "Conclusion" shall mean the time for

2

any records retention requirements or statute of limitation applicable to a party or party's counsel or the end of this litigation through final, non-appealable judgement that resolves all of the issues as to all of the parties.

**<u>Designation of Confidential Information</u>**

2. Each designating party who produces or discloses any material that it believes constitutes Confidential Information shall designate it as such. In designating Confidential Information, the designating party shall mark the item or each page of a document "Confidential" or "Highly Confidential-Attorneys' Eyes Only."

(a) Confidential Information may be designated as "Highly Confidential-Attorneys' Eyes Only" when, in the reasonable judgment of the designating party, the information is Confidential Information, but is extremely sensitive in nature, including, but not limited to, PHI, customer or patient identification, confidential business plans and financial, revenue, pricing, marketing, competitive, technical and research information relating to the designating party or the designating party's products or services or planned products or services.

(b) When Confidential Information contained in documents or things are produced, they shall be designated as "Confidential" or "Highly Confidential- Attorneys' Eyes Only" by the producing party before production to the receiving party.

(b) (1) When documents or things are made available for inspection, they may be collectively designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" for purposes of the inspection, by letter or otherwise, without marking each document or thing "Confidential" or "Highly Confidential-Attorneys' Eyes Only." Once specific documents have been selected for copying, any documents containing confidential information may then be marked "Confidential" or "Highly Confidential- Attorneys' Eyes Only" after copying but before delivery to the party who inspected and selected the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked "Confidential" pursuant to this procedure.

(c) Portions of depositions may be designated "Confidential" if they are designated as such at the time the deposition is taken or within 30 days after the deposition transcript is received by the designating party or its counsel. Portions of depositions may be deemed "Highly Confidential-Attorneys' Eyes Only" only if they are designated as such at the time the deposition is taken.

(d) In the case of electronic documents that are produced in native file format, designation shall be made by placing the legend "Confidential" or "Highly Confidential-Attorneys' Eyes Only" on the face of the CD or other medium on which the document is produced, or inserting

the designation electronically if the same can be done without obscuring or compromising the document contents or affecting the metadata fields. If the receiving party makes a copy of a native file document containing Confidential Information on any form of portable media *(e.g.,* CD, DVD, thumb drive, or flash drive), the media on which such copies are made shall be labeled in accordance with this Protective Order.

      3.      The parties recognize that during the course of this litigation, Confidential Information that originated with or is maintained by a non-party may be produced. Such information may be designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" and shall be subject to the restrictions contained in this Confidentiality Stipulation and Protective Order. If any Confidential Information is produced by a non-party to this litigation, such a non-party shall be considered a "designating party" within the meaning of that term as it is used in this Confidentiality Stipulation and Protective Order and the parties will each be treated as a "receiving party." Further, parties to the litigation may designate its own documents or information contained in the non-party's production or deposition testimony as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" within 30 days after the non-party's production or deposition transcript is received.

      4.      Except for testimony, documents and things disclosed in open court, in the event any designating party produces Confidential

Information that has not been correctly designated, the designating party may redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information. The parties shall treat such information in accordance with this Confidentiality Stipulation and Protective Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the redesignation. No proof of error, inadvertence, or excusable neglect shall be required for such redesignation.

**<u>Disclosure of the Confidential Information</u>**

5. Information designated "Confidential" may be disclosed only to the following:

    (a) In-house and outside counsel, their legal support personnel, and those persons specifically engaged for the limited purpose of making photocopies of documents or preparing documents for production.

    (b) Independent consultants or experts and their staff not employed by or affiliated with a party who are retained either as consultants or expert witnesses for the purpose of this litigation.

    (c) Employees and management of any party who provide actual assistance in the conduct of the litigation in which the information is disclosed, but only to the extent necessary to allow them

to provide that assistance.

(d) Any person no longer affiliated with any party who authored, reviewed or received the Confidential Information prior to the initiation of this litigation.

(e) Any person who is expected to testify as a witness at a deposition or court proceeding in this litigation for the purpose of assisting in his/her preparation therefore, and any third-party witness who is shown Confidential Information during deposition examination or trial testimony.

(f) The Court and Court personnel, and Official Court Reporters to the extent that Confidential Information is disclosed at a deposition or court session which they are transcribing.

(g) The list of persons to whom Confidential Information may be disclosed identified in this Paragraph 5 may be expanded or modified by mutual agreement in writing by counsel for the parties to this action without the necessity of modifying this Protective Order.

(h) Information designated as "Highly Confidential-Attorneys' Eyes Only," with the exception of PHI, the disclosure of which is addressed in Section II below, shall be disclosed only to those persons described in Paragraphs 5(a), (b) or (f), or as agreed in accordance with Paragraph 5(g).

**<u>Use and Control of Confidential Information</u>**

6. All information designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" shall be used by its recipient solely for the purposes of this litigation and not for any business, competitive or other purpose.

7. If Confidential Information is contained in trial testimony, the designating party may within five court days of the testimony petition the Court to designate the testimony Confidential Information and to seal the transcript of same. All parties shall treat such testimony in accordance with this Protective Order, pending the Court's decision with respect to designation and sealing. If a party does not oppose the designating parties' petition (or otherwise challenge the designation pursuant to Section 16) and the court does not order the testimony sealed, then the parties and individuals subject to the terms of this Protective Order shall remain bound to this order in all respects, except to its use and treatment of the information at issue in open court and subsequent court filings. If, however, a party opposes the designating parties' petition (or otherwise challenges it pursuant to Section 16) and the court does not order the testimony sealed, then all parties and individuals subject to the terms of this Protective Order will have the same rights to use the testimony as any member of the public. If the time to petition the court to seal the transcript has expired without a petition being filed, all parties and

individuals subject to the terms of this Protective Order will have the same rights to use the testimony as any member of the public.

      8.     In the event a party files any pleadings, motions or other papers with the court disclosing another's Confidential Information, the filing party shall disclose only such information as necessary to support its motion and give advance notice to the disclosing party prior to filing so that the disclosing party may move to seal the Confidential Information prior to its filing with or use in court. In such cases where the Confidential Information is filed with the court without any or sufficient advanced notice, the designating party may within five court days of the filing petition the court to seal the filed Confidential Information. Confidential Information that is filed with the court shall be treated by all parties in accordance with this Protective Order, pending the court's decision with respect to sealing.  If a party does not oppose the designating parties' petition (or otherwise challenge the designation pursuant to Section 16) and the court does not order the record sealed, then the parties and individuals subject to the terms of this Protective Order shall remain bound to this order in all respects, except to its use and treatment of the information at issue in open court and subsequent court filings. If, however, a party opposes the designating parties' petition (or otherwise challenges it pursuant to  Section 16) and the court does not order the record sealed, then all parties and individuals subject to the

terms of this Protective Order will have the same rights to use the record as any member of the public. If the time to petition the court to seal the record has expired without a petition being filed, all parties and individuals subject to the terms of this Protective Order will have the same rights to use the record as any member of the  public.

9. No person designated in accordance with Paragraphs 5(b), (d), and (e) above shall be provided with access to Confidential Information without first signing an Acknowledgement of Confidentiality Stipulation and Protective Order in the form attached as Exhibit 1 ("Acknowledgment"). Counsel for the party obtaining the Acknowledgments shall maintain a file of all signed, original  Acknowledgments.

10. No information may be withheld from discovery on the basis that the information requires greater protection than that afforded by this Protective Order, unless the party claiming the need for greater protection moves for and obtains an order for such special protection from the court.

11. Receiving parties shall keep all Confidential Information received from others in a secure area to prevent disclosure of Confidential Information to persons not authorized under this Protective Order.

**<u>Duration of Order. Objection, Modifications</u>**

12. This Protective Order shall remain in full force and effect until modified, superseded, or terminated by order of this court, which may be entered pursuant to agreement of the parties to this action. This Protective Order shall continue in effect after termination of this action and continue

to be binding upon all persons to whom Confidential Information is disclosed.

13. Upon Conclusion of this action (including all appeals), the designating party may demand that the receiving party either return to the designating party (at the designating party's expense) or destroy (at the designating party's expense) all Confidential Information received from the designating party within 30 days of the demand. Where Confidential Information is incorporated into documents, including, without limitation, drafts and final pleadings and briefs, attorney working files, and witness folders, or has been annotated, such Confidential Information may, at the option of the receiving party, be certified as destroyed in lieu of return or retained securely and only by counsel of record for so long as, and to the extent that, applicable privileges and other nondisclosure rights are asserted and maintained. Confidential Information stored on non-removable media (e.g., documents maintained electronically in litigation databases or stored on computer hard drives) shall be permanently deleted from all such media by the receiving party and certified as such by counsel of record.

14. If the receiving party learns that Confidential Information produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Protective Order, the receiving party responsible for the disclosure must immediately inform

the designating party of all known facts relating to such disclosure and shall make reasonable efforts to retrieve the Confidential Information and prevent its disclosure by each unauthorized person who received such information.

15. Any receiving party may at any time request that the designating party cancel the "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designation on any information produced. Such request shall be served on counsel for the designating party, and shall particularly identify the designated Confidential Information that the receiving party contends should not be designated as confidential and the reasons supporting its contention. If the designating party does not agree to remove the "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designation. Any receiving party may at any time within thirty (30) days after receiving designated materials, object to the designation on any information produced. Such request shall be served on counsel for the designating party, and shall particularly identify the designated Confidential Information that the receiving party contends should not be designated as confidential and the reasons supporting its contention. If the designating party does not agree to remove the "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designation, then the designating party shall as soon as practicable, but no later than sixty (60) days after receiving the objection file a motion

with the Court to have the information at issue designated by the Court as *"Confidential"* or *"*Highly Confidential-Attorneys' Eyes Only." The burden of demonstrating that the information is Confidential Information shall be on the designating party. If the designating party does not file a motion with the court within sixty (60) days of receiving the objection, the designation of *"Confidential"* or *"*Highly Confidential-Attorneys' Eyes Only*"* will be considered removed. All parties shall continue to treat any information subject to a motion timely filed with the Court as *"Confidential"* or *"*Highly Confidential-Attorneys' Eyes Only*"* until the Court rules.

### Disclosure of Confidential Information in Other Actions

16. In the event that a person (the "recipient") subject to this Protective Order receives a subpoena related to another action that seeks the production of Confidential Information (which was produced by another party or non-party in this action), the recipient shall, within five (5) business days, provide notice to the party that designated such information as Confidential Information (the "designating party"). To the extent permitted by law, the recipient shall not produce the Confidential Information at issue for at least fifteen (15) days from the date the recipient receives the subpoena and shall cooperate fully with the designating party.

II.   **PROTECTED HEALTH INFORMATION**

17. In accordance with the requirements of the regulations promulgated under HIPAA, specifically 45 C.F.R. § 164.512(e)(1)(ii)(B) & (v), the court institutes a HIPAA QUALIFIED PROTECTIVE ORDER, as that term is defined in the foregoing regulations, and requires for information obtained by discovery requests that all Parties be:

    (a) prohibited from using or disclosing PHI for any purpose other than the litigation of the above-styled lawsuit; and

    (b) required to return to the disclosing entity or destroy the PHI (including all copies made) at the conclusion of the litigation of the above-styled lawsuit. ("Conclusion" is not defined by HIPAA but should be understood to include the time for any records retention requirements and statute of limitations applicable to a Party or Party's counsel. "Litigation" is not defined by HIPAA but should be understood to include all appellate proceedings at any level or the expiration of the time to commence such further appellate proceedings without appeal).

18. Based upon this HIPAA QUALIFIED PROTECTIVE ORDER and commencing immediately from the date of this order, all Parties[2] shall COMPLY with, and are hereby AUTHORIZED and ORDERED to use or disclose PHI in response to any and all discovery requests and deposition notices, at

---

[2] The limitation of the instant Protective Order to the parties, shall not be interpreted to impede or impair the ability of any party to obtain information or documentation from any parties or non-parties pursuant to the applicable law and precedent.

any time in the course of this litigation. This HIPAA QUALIFIED PROTECTIVE ORDER applies only to PHI requested pursuant to discovery requests, deposition notices filed in the course of this litigation, and orders of this court requiring the disclosure of PHI.

**Interrogatories, Requests for Production or Copies, & Expert Communications**

19. In addition to the foregoing, under 45 C.F.R. § 164.512(e)(1)(i) and for purposes of compliance with HIPAA, without waiver of any right to prepayment of costs or any other appropriate objection or privilege that may be timely asserted, the attorneys, employees, agents, and designees of each Party or Party's legal counsel of record in this case are expressly and specifically AUTHORIZED and ORDERED to:

(a) respond to valid Requests for Production or Interrogatories served pursuant to the applicable law in the above-styled claim or litigation seeking PHI; and

(b) respond to each one of that Party's own experts who requests, either orally or in writing, PHI for purposes of reviewing the above-styled claim or litigation in whole or in part, whether the expert is a consulting or trial expert and whether the expert is considered retained for compensation or non-retained, by disclosing and providing such requested PHI.

20. In compliance with both HIPAA regulations and any applicable state law not pre-empted by HIPAA, the authorization and order set forth in

this Paragraph expressly includes PHI concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases, if so requested. The command of the court in this Paragraph is a separate authorization for use or disclosure of PHI that is in addition to, and potentially inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth in Paragraphs 17-19 above.

### **Depositions**

21. In addition to the foregoing, under 45 C.F.R. § 164.512(e)(1)(i) and for purposes of compliance with HIPAA, without waiver of any right to prepayment of costs, fees, and expenses, or any other appropriate objection or privilege that may be timely asserted, each deponent duly noticed for deposition in the above styled litigation, including but not limited to a Party, Party representative, expert witness, or fact witness, is expressly and specifically AUTHORIZED and ORDERED to use or to disclose to the attorneys, employees, agents, and designees of each Party or each Party's legal counsel in this case the PHI of a Party or actual or putative class member that is responsive to deposition questions or a valid subpoena duces tecum at such duly noticed deposition in the above-styled litigation. In compliance with both HIPAA regulations and any applicable state law not pre-empted by HIPAA, the authorization and Order set forth in this Paragraph expressly includes PHI

concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases, if so requested. The command of the court in this Paragraph is a separate authorization for use or disclosure of PHI that is in addition to, and potentially inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth in Paragraphs 17-19 above.

**Judicial Proceedings**

22. In addition to the foregoing, under 45 C.F.R. § 164.512(e)(1)(i) and for purposes of compliance with HIPAA, without waiver of any right to prepayment of costs, fees, and expenses or any other appropriate objection or privilege that may be timely asserted, all witnesses duly appearing at, or subpoenaed for, any judicial proceeding related to this litigation, including but not limited to trial, are specifically and expressly AUTHORIZED and ORDERED to use and disclose the PHI of a Party in any form at such judicial proceeding. In compliance with both HIPAA regulations and any applicable state law not preempted by HIPAA, the authorization and order set forth in this paragraph expressly include PHI concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases, if so requested. The command of the court in this Paragraph is a separate authorization for use or disclosure of PHI that is in

addition to, and potentially inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth in Paragraphs 17-19 above.

**Court Reporter, Photocopying, & Other Designated Service Providers of a Party**

23. Under 45 C.F.R. § 164.512(e)(1)(i) and in compliance with HIPAA, without waiver of any right to prepayment of costs or other appropriate objection or privilege that may be timely asserted, any person or entity authorized or ordered above to use or disclose PHI is expressly and specifically AUTHORIZED and ORDERED to do so with, to, or before any court reporter service, videography service, translation service, photocopy service, document management service, records management service, graphics service, or other such litigation service, designated by a Party or Party's legal counsel in this case. The protections and requirements of Paragraphs 17-19 above specifically apply to any such service so designated. Each Party or the Party's legal counsel is charged with giving notice of the obligations imposed by this Order to any such service the Party or counsel so designates and further charged with obtaining advance consent of such service to comply fully with this Paragraph. Upon such consent, the service will be deemed to have been voluntarily submitted to the court's jurisdiction during the pendency of this litigation for purposes of enforcement of this Paragraph, including but not limited to the imposition of such sanctions, monetary or otherwise, as may be appropriate for any non-compliance.

### Business Associate Agreements

24. Except for business associate agreements (within the meaning of the HIPAA regulations) entered into by a Party or a Party's legal counsel for purposes of satisfying the requirements of Paragraph 26 of this order, the uses and disclosures of PHI authorized under this order are separate from, and not to be deemed subject to, any business associate agreement that has been or will be executed by any Party, any Party's legal counsel, or any disclosing person or entity. No use or disclosure made pursuant to this order shall be deemed to require execution of a business associate agreement within the meaning of the HIPAA regulations. The intent of this order is that the uses arid disclosures made pursuant to it should not be subject to such business associate agreements or to any requirement for such agreements under the HIPAA regulations. Such agreements should be construed as inapplicable to any uses or disclosures made pursuant to this order and, therefore, as limited only to uses and disclosures of PHI outside of this order.

**III. OTHER PROVISIONS**

### No Waiver of Privileges

25. Production of documents and things shall not constitute a waiver of confidentiality, privilege or immunity from discovery as to such information.

### Other Remedies

26. Nothing in this Confidentiality Stipulation and Protective

Order shall prevent any party or non-party from seeking additional relief from the court.

Dated in Milwaukee, Wisconsin this 6th day of July, 2018.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**